No. 81-44

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

LARRY L. UNRUH, H. JAMES OLESON,
and ALFRED WALLNER, M.D.,

        Plaintiffs and Appellants,

-vs-

BUFFALO BUILDING COMPANY,

        Defendant and Respondent.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead, The Honorable
Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellants:

        E. Eugene Atherton, Kalispell, Montana

    For Respondent:

        Merritt N. Warden, Kalispell, Montana

---

Submitted on Briefs: April 15, 1981

Decided: JUL 22 1981

Filed: JUL 22 1981

_Thomas J. Kearney_
Clerk

Mr. Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs Larry L. Unruh, H. James Oleson and Alfred Wallner appeal from the order of summary judgment of the Flathead County District Court granting summary judgment to the defendant Buffalo Building Company. In its order, the court held that plaintiffs' claim was barred by the statute of limitations applicable to tort actions. We hold that the claims are governed by the contract statute of limitations and therefore reverse.

Plaintiffs leased office space from defendant on the second floor of the Buffalo Building, a renovated commercial office building in Kalispell, Montana. In September 1976, the Buffalo Building caught fire. This fire gutted the building, destroying the plaintiffs' offices. In September 1980, almost four years later, plaintiffs Unruh and Oleson brought this lawsuit against defendant by filing a complaint claiming property and business loss damages. This complaint was amended one month later to include plaintiff Wallner in the lawsuit. The amended complaint alleged that defendant breached an implied warranty of plaintiffs' lease agreements providing for the peaceful and quiet enjoyment of their office space leaseholds.

The plaintiffs alleged the breaches occurred because the defendant leased another portion of the Buffalo Building to a tenant who stored highly flammable material on his premises, and because, when the building was remodeled the defendant failed to use fireproof building materials and to install fire extinguishing equipment.

Defendant answered plaintiffs' amended complaint by asserting that the claim was barred by the two-year statute

of limitations set out in section 27-2-207, MCA, and that the complaint failed to state a legal claim. In its brief supporting its motion for summary judgment, defendant argued that because plaintiffs were seeking recovery for injury to property, that the action must be covered by the two-year statute of limitations. In making this argument, defendant relied on language from Quitmeyer v. Theroux (1964), 144 Mont. 302, 395 P.2d 965, holding that "the statute of limitation applicable must necessarily be in conformity with the basis of the action," and that it must then be determined whether the essence of the claimed breach arises from a breach of contract or arises from the commission of a tort.

The District Court reasoned that the essence of the action is based on a tort violation and therefore that the two-year statute of limitations provided for in section 27-2-207, MCA, applies. Accordingly, the District Court granted summary judgment based on the affirmative defense of statute of limitation, and entered judgment for defendant. From that order, plaintiffs appeal.

The trial court's reliance on the rule in Quitmeyer, supra, is misplaced, for we have specifically adopted a rule to apply to situations falling within the "twilight zone" of contract and tort law. In Garden City Floral Co. v. Hunt (1953), 126 Mont. 537, 255 P.2d 352, this Court set out the following rule to follow:

> "Under certain circumstances, a ground of
> liability in tort may coexist with a liability
> in contract, giving the injured party the right
> to elect which form of action he will pursue.
> Ordinarily, where there is no duty except such as
> the contract creates, the plaintiff's remedy
> is for breach of contract, but when the breach
> of duty alleged arises out a liability
> independently of the personal obligation

undertaken by contract, it is a tort. (Citation omitted.) 'As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract.' (Citation omitted.)

". . . 'But even if the question be regarded as a doubtful one, the doubt must be resolved in favor of an action ex contractu.'

"When the facts warrant either form of action plaintiff may elect as to which he will pursue. (Citations omitted.)" 126 Mont. at 543, 544.

Here, the trial court specifically noted that the claim does not contend that the defendant was guilty of active negligence, and with this assessment, we must agree. In applying Garden City Floral, however, we must reach the conclusion that the eight-year statute of limitation applicable to contract actions governs this action framed by plaintiffs as a claim for breach of a covenant of quiet enjoyment, implied from the term of the parties' lease agreements. Plaintiffs' claim here is entirely different from the claim presented in Quitmeyer, where we found that the claim "was based strictly upon defendant's negligence." Plaintiffs had a right to base their claim on breach of contract.

The judgment is vacated and this cause is remanded to the District Court for further proceedings.

_____
                Justice

We concur:

_____
        Chief Justice

_____

_____

_____
            Justices

-4-