No. 84-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

JOHN L. THIEL and KATHRYN M. THIEL,
husband & wife,

                    Plaintiffs,

   -vs-

TAURUS DRILLING LIMITED 1980-II,
a Colorado limited partnership;
NATHAN J. EMORY; D.A. DAVIDSON &
COMPANY, a Mont. corp.; DONALD E.
METLER; J. JOE MENA; JOHN D. PRUIT;
GAYLE S. HIGBEE; JON MARCHI; JOSEPH
R. SOLOMAN; and ROBERT W. PETERSEN,

                    Defendants.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Plaintiffs:

        Hendrickson & Everson; Jim Ragain argued, Billings,
        Montana

    For Defendants:

        Hooks & Budewitz; Patrick F. Hooks argued, Townsend,
        Montana &* Dorsey & Whitney; Edward J. Pluimer argued,
        Minneapolis, Minnesota (D.A. Davidson, Jon Marchi,
        Robert Peterson)& Steven Bell of Dorsey & Whitney,
        Great Falls, Montana
        Anderson, Brown, Law Firm; Steven J. Harman, Billings,
        Montana
        Richard Vermiere; Head & Moye, Denver, Colorado &
        Hibbs, Sweeney, Colberg & Koessler; Maurice R. Colberg,
        Jr., Billings, Montana (Taurus Drilling, Nathan Emory,
        Donald Metler, J. Joe Mena, John Pruit, Gayle Higbee,
        Joseph Soloman)

    For Amicus Curiae:

        Turner C. Graybill, Great Falls, Montana (Plaintiffs in
        US Dist. Ct. Nos. CV-84-17-GF, CV-84-18-GF, CV-84-19-GF
        & CV-84-20-GF)
        Michael J Mulroney, Helena, Montana (Plaintiffs in 47714,
        47715, 47716 in L & C County Dist. Ct.)
        Thomas F. Dowling, Helena, Montana (Plaintiffs in 50566,
        50534 & CV-82-246-H)
        J. Kim Schulke, Mont. Securities Dept., Helena, Montana
        Crowley Law Firm; G. Dalthorp & P. Habein, Billings,
        Montana &* Charles Wake; Lewis, D'Amato, et al., Los
        Angeles, California (Donald Jackson, Kimble, MacMichael,
        Jackson & Upton)
        Boone, Karlberg & Haddon; Sam E. Haddon, Missoula, Montana
        (Boettcher & Co., Dain Bosworth, Edward Jones & Co., Merrill
        Lynch, Pierce, Fenner & Smith & Piper, Jaffray & Hopwood,
        Inc.)

Submitted:    September 4, 1985
Decided:    October 8, 1985

Filed:  OCT - 8 1985

*Ethel M. [signature]*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The United States District Court for the District of Montana has certified the following question to this Court:

What statute or statutes of limitation apply to civil actions brought pursuant to § 30-10-307, MCA, of the Securities Act of Montana?

Based upon the pleadings in this case, we hold that the 8-year limitation period contained in § 27-2-202(1), MCA, applies.

On September 16, 1980, plaintiffs John L. Thiel and Kathryn M. Thiel purchased two limited partnership units in Taurus Drilling Limited 1980-II, a Colorado limited partnership organized to explore and drill for oil and gas. Plaintiffs purchased the Taurus partnership units by paying $10,000 in cash and posting a letter of credit for $46,000.

Approximately 2 years later on October 15, 1982, plaintiffs filed a complaint for rescission of their purchase. The complaint alleged _inter_ _alia_ that the offer and sale of the partnership units violated the Securities Act of Montana. Count I of the complaint alleged failure to comply with the securities registration requirements of §§ 30-10-202 and -205, MCA. Count II alleged the making of material misrepresentations or omissions of material fact in connection with the sale of securities in violation of § 30-10-301(1), MCA. Count III alleged negligence and breach of fiduciary duties by the broker defendants. Count IV alleged negligence, breach of contract and breach of fiduciary duties of the non-broker defendants.

As remedies for the statutory violations alleged in Counts I and II of their complaint, plaintiffs claimed that they were entitled, under § 30-10-307, MCA, to rescind their purchase and recover the consideration paid for the security, interest and attorney fees. Defendants filed a motion to

2

dismiss Counts I and II on the grounds that the 2-year statute of limitation in § 27-2-211(1)(c), MCA, barred claims based on liabilities created by statute.

United States District Court Chief Judge Battin held that the 2-year limitation applied to the securities registration claim and dismissed Count I of the complaint. Defendants filed a motion for clarification or further consideration, seeking to have Count II dismissed as well. Plaintiffs asserted that the 8-year limitation of § 27-2-202(1), MCA, applied to both counts. They requested certification of the issue to this Court.

The federal court certified the question and this Court heard oral argument on which statute or statutes of limitation apply to actions brought pursuant to § 30-10-307, MCA, the civil enforcement provision of the Securities Act of Montana?

I

The legislature adopted the Securities Act of Montana in 1961. Sec. 2, Ch. 251, L. 1961. The Act contained substantial provisions from the Uniform Securities Act promulgated by the Conference of Commissioners on Uniform State Laws. Some variations were made in order to accommodate the Uniform Act to situations peculiar to Montana.

The original Securities Act of Montana contained a 5-year limitation on criminal prosecutions and a 2-year limitation on private enforcement of civil liabilities. Sections 15-2021(1) and 15-2022(3), R.C.M. 1947. The 1981 Montana Legislature extended the limitation on criminal prosecutions from 5-years to 8 years after the alleged violation, or within 1 year after the date the commissioner or prosecuting officer becomes aware of the violation. Section 30-10-306(1), MCA.

3

In 1967, the legislature eliminated the 2-year statute of limitation on civil enforcement of the Act. No limitation period was substituted when the "two (2) years after the contract of sale" language was deleted from § 15-2022(3), R.C.M. 1947. The federal court has asked us to explore the outer limits of this statutory black hole.

II

The judicial function in construing and applying statutes is to effect the intention of the legislature. In determining legislative intent, the Court looks first to the plain meaning of the words used in the statute. If intent cannot be determined from the content of the statute, we examine the legislative history. Dorn v. Bd. of Trust. of Billings Sch. Dist. (Mont. 1983), 661 P.2d 426, 430, 40 St.Rep. 348, 352.

In this case, the legislature omitted the specific 2-year-from-sale limitation without substituting a different period of limitation. Thus, the Court's primary tool for ascertaining legislative intent, i.e., the "plain meaning" of the words used in the statute, is of no assistance. We must turn to the legislative history.

In 1967, Representatives James, Nutting and Cox introduced House Bill No. 515, entitled "An Act Amending Section 15-2022, R.C.M. 1947, Relating to Civil Remedies Afforded Purchasers of Securities Sold in Violation of the Securities Act of Montana; Providing for a Cause of Action to Be Brought Within Two (2) Years after Discovery of Violation." House Bill 515 proposed to amend § 15-2022(3), R.C.M. as follows:

> . . . No person may sue under this section more than two (2) years after the ~~contract-of-sale~~ discovery of a violation of the provisions of this act .. . .

4

The rest of the language in the bill is identical to that in the original statute.

The House Judiciary Committee discussed H.B. 515 on February 1, 1967. Committee Minutes sparsely report that:

> HB 515 was discussed. Mrs. James, chief sponsor, could not appear. Testifying as a proponent was: Harry H. Jones, Investment Department, State Auditor's Office, Helena, Montana.
>
> . . . [actions on other bills]
>
> HB 515: Hall moved it DO PASS, AS AMENDED, which amendment would strike the provision of actions having to be brought within 2 years and the one making the bill effective immediately, and the motion carried. Hall also moved that the amendment be adopted, which also carried.

Although the Committee Minutes indicate that Harry Jones of the State Auditor's Office spoke as a proponent of the bill, there is no evidence as to what Mr. Jones said. No one spoke in opposition. There was no record why Rep. Hall moved to strike the "2 years from discovery" limitation or why the original "2 years from sale" limitation was deleted.

House Bill 515 passed both houses in this amended form and was signed into law by the Governor in 1967. The current civil liabilities provision, § 30-10-307, MCA, contains no time limitation.

III

Since neither the plain meaning of the statute nor the legislative history sheds any light on the legislature's intent in deleting the original limitation, we look next to the circumstances surrounding the change in the law.

In 1964, the Administrator of the Seattle Regional Office of the Securities and Exchange Commission published an article that sharply criticized both the federal and state statutes of limitation in civil cases.

> Both acts provide for a very short statute of limitations. In fact, this period is so short as to negate much of the benefit designed to accrue to investors. The Montana Act provides a two-year period from date of sale. The Federal Act provides for only one year from date of sale for violations of the registration requirements. In the case of fraud the Federal Act extends this period to one year from discovery, with a maximum of three years. The Montana Act makes no such distinction.
>
> This short statute of limitations provided by the acts unquestionably precludes effective use of the civil liabilities provisions by purchasers.. . .

Newton, A Look at the Montana Securities Act and Its Relation to the Federal Securities Act, 26 Mont.L.Rev. 31, 51 (1964). Plaintiffs and several amici curiae contend that the Montana Legislature deleted the 2-year limitation in response to such criticism. Defendants assert that plaintiffs' idea that the 2-year limitation was under siege is historical fiction.

Nothing in the legislative minutes indicates that any committee or individual referred to Mr. Newton's article in discussing the change in the law. We draw no conclusion from the fact that this article existed prior to the legislature's amendment of the statute.

The legislature is presumed to have full knowledge of existing laws. Department of Revenue v. Burlington Northern, Inc. (1976), 169 Mont. 202, 211, 545 P.2d 1083, 1088. At the time the 2-year limitation was deleted from § 15-2022, R.C.M., the Revised Code contained four alternative statutes of limitation that might apply to civil securities cases:

> 93-2601. Periods of limitation prescribed. The periods prescribed for the commencement of actions, other than for the recovery of real property, are as follows:
>
> . . .
>
> 93-2603. Within eight years. Within eight years: An action upon any

6

contract, obligation, or liability, founded ed upon an instrument in writing.

. . .

93-2606. Within two years. Within two years: . . . (2) An action upon a statute, or upon an undertaking in a criminal action, for a forfeiture or penalty to the state.

93-2607. Two-year limitation. Within two years: . . . (4) An action for relief on the ground of fraud or mistake, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

. . .

93-2613. Actions for relief not hereinbefore provided for. An action for relief not hereinbefore provided for must be commenced within five years after the cause of action shall have accrued. .

Similar 8, 2 and 5 year limitations are contained today in §§ 27-2-202(1), -211(1), -203 and -215, MCA.

A statute of limitation is the legislature's rough approximation of "the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting stale ones." Johnson v. Railway Express Agency (1975), 421 U.S. 454, 463-64.

Because there is no statute of limitations for civil enforcement actions under § 10(b), of the Federal Securities Exchange Act of 1934, federal courts apply the relevant statute from each forum state. Cahill v. Ernst & Ernst (7th Cir. 1980), 625 F.2d 151, 153. Selection of "the most analogous" statute of limitations is governed by the courts' characterization of the claim. Board of Regents v. Tomanio (1980), 446 U.S. 478, 488. The choice of which statute of limitations ultimately applies rests upon a determination of which statute will best effectuate the congressional policies underlying the federal Act.

7

The underlying policy and purposes of Montana's Securities Act are expressed in § 30-10-102, MCA:

> Parts 1 through 3 of this chapter shall be construed to:
>
> (1) protect the investor, persons engaged in securities transactions, and the public interest;
>
> (2) promote uniformity among the states; and
>
> (3) encourage, promote, and facilitate capital investment in Montana.

Subsections (1) and (3) were added by the legislature in 1983. Prior to that time, the Act contained one policy statement: "Parts 1 through 3 of this chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it." Section 30-10-102, MCA (1981). Since the Act no longer has one primary purpose, each of the three declared purposes must be balanced against the others. In choosing an appropriate statute of limitations for civil securities cases in Montana, we keep each of these purposes in mind.

Each party and amicus curiae has a preference as to which general limitation is most appropriate to the case. Plaintiffs contend that the 8-year limitation of § 27-2-202(1), MCA, is most appropriate. That section provides:

> The period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years.

Counsel for the Montana Securities Department of the State Auditor's Office asserts that securities transactions can best be described as bilateral, executory contracts, and that the civil remedy for violations of the Securities Act is the traditional contract remedy of rescission with interest minus income received.

Defendants contend that the 2-year limitation on a "liability created by statute" applies. Section 27-2-211(1), MCA, provides:

> Within 2 years is the period prescribed for the commencement of an action upon:
>
> (a) a statute for a penalty or forfeiture when the action is given to an individual or to an individual and the state, except when the statute imposing it prescribes a different limitation;
>
> . . .
>
> (c) a liability created by statute other than:
>
> (i) a penalty or forfeiture; or
>
> (ii) a statutory debt created by the payment of public assistance.

Defendants point out that Count I of plaintiffs' complaint alleges registration violation of §§ 30-10-202 and -205, MCA. Defendants argue that the registration requirement did not exist at common law, and that claims of registration violations cannot be construed as a contract action. Defendants contend that the 2-year limitation also applies to Count II because (1) plaintiffs' complaint recites statutory violation and seeks statutory remedies, and (2) liabilities created by the sale of a security by "fraud or misrepresentation" under the Act are vastly different from those imposed in a common law fraud action.

IV

Under certain circumstances, potential liability in tort may coexist with a liability in contract. When the facts warrant either form of action, an injured party has the right to elect which form of action he will pursue. Garden City Floral Co. v. Hunt (1953), 126 Mont. 537, 543-44, 255 P.2d 352, 356. The general rule applied to situations falling within the twilight zone of contract and tort law is that

9

doubt must be resolved in favor of an action based upon contract. Unruh v. Buffalo Bldg. Co. (Mont. 1981), 633 P.2d 617, 618, 38 St.Rep. 1156, 1157.

It is, of course, possible to allege several, individual causes of action based upon the same injury. A court may be obligated to segregate plaintiff's various claims and apply separate statutes of limitations to each. Multiple periods of limitation could apply to the same case. Construing this theory of election of remedies with reference to statutes of limitations, the United States Supreme Court has stated:

> . . . If the choice of the statute of limitations were dependent upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach, different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

Wilson v. Garcia (1985), _____ U.S. _____, 103 S.Ct. 1938, 1946. We appreciate the logic of this analysis and see no reason why it should not be followed in securities cases, where claims of fraud, statutory violation, breach of fiduciary duty, and breach of contract may all spring from the same injury.

The choice of which statute of limitations should apply ultimately rests on a characterization of the essence of the claim. In determining which limitation should apply to claims under the federal Securities Act, the federal courts select the state statute of limitations that will best effectuate the congressional policies underlying the Act. Likewise, in characterizing plaintiffs' claims here, the legislative purposes of uniformity, investor protection and promotion of investment must be weighed in the balance.

10

Only two Montana Securities Act cases have reached this Court: State v. Duncan (1979), 181 Mont. 382, 593 P.2d 1026, and Brown v. Merrill, Lynch, Pierce, Fenner, Etc. (1982), 197 Mont. 1, 640 P.2d 453. In Duncan, we affirmed a criminal conviction for deceptive practices and sale of unregistered securities. In determining whether an investment contract security was sold, we adopted the following broad definition of "security" from the United States Supreme Court:

> The touchstone [of an investment contract] is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others.

Duncan, 181 Mont. at 392, 593 P.2d at 1032, quoting United Housing Foundation, Inc. v. Forman (1975), 421 U.S. 837, 852. Section 30-10-103(11), MCA, includes "investment contract" in its definition of "security." Our opinion in Duncan, a criminal case, is relevant here only in that it discusses security in contract terms.

Brown was a civil action by two individual investors against a brokerage firm. Although Securities Act violations purportedly occurred, plaintiffs chose to frame their complaint in tort causes of action of negligence and fraud, praying for actual and punitive damages. Brown, 197 Mont. at 7 & 10-11, 640 P.2d at 456 & 458. The Securities Act does not allow for punitive damages. See § 30-10-307, MCA. The Court addressed each of plaintiffs' five causes of action separately in determining whether summary judgment in favor of defendants had been properly granted. No statute of limitations or choice of remedy issue was raised in Brown.

Neither Duncan nor Brown offer guidance as to the manner in which plaintiffs' claims should be characterized in this case.

11

Count I alleges violations of the Units' Order of Registration and securities registration requirements, in that defendants failed to deliver a copy of the Private Placement Memorandum to plaintiffs prior to sale, failed to file a copy of the map and other geological and economic information used as sales literature, and failed to disclose defendant Davidson's ownership interest in the common stock of Taurus Oil. Count II contains allegations of fraud or deceit as well as violations of the Act. Count III alleges negligence and breach of fiduciary duties on the part of the broker-dealers and agents. Count IV alleges negligence, breach of contract and breach of fiduciary duties on the part of the officers, directors and general partners of Taurus Drilling.

The complaint specifies that paragraphs 9 through 20 are incorporated by reference into each of the four counts. Allegations of material misrepresentations and untrue statements of fact are contained in paragraphs 9 through 20. We also note that, although Counts III and IV do not allege specific statutory violations, the Securities Act of Montana implicitly establishes a code of conduct to be followed by brokers and others involved in the sale of any security. Section 30-10-301, MCA; Brown, 197 Mont. at 9, 640 P.2d at 457. We find that each count of plaintiffs' complaint in this case can be interpreted as sounding in tort, contract or statutory violation.

Where there is a substantial question as to which of two or more statutes of limitations should apply, the general rule is that the doubt should be resolved in favor of the statute containing the longest limitations. Akada v. Park 12-01 Corp. (Wash. 1985), 695 P.2d 994, 995. Where doubt exists as to the nature of the action, courts lean toward application of the longer period of limitations. Shew v.

12

Coon Bay Loafers, Inc. (Wash. 1969), 455 P.2d 359, 366, citing Hughes v. Reed (10th Cir. 1931), 46 F.2d 435, 440.

> This [general rule] serves the legislative intent of protecting defendants from stale claims, yet provides an approach of liberality which affords a plaintiff party-litigant maximum free access to our court system. Although statutes of limitation are primarily designed to assure fairness to defendants because they prevent claims from being brought when the relevant evidence is so old that it is unreliable, the policy of repose is outweighed when the interests of justice require otherwise.

Williams v. Lee Way Motor Freight (Okla. 1984), 688 P.2d 1294, 1297-98.

As discussed above, the legislature deleted the 2-years-from-sale limitation from the Act at the same time it rejected a proposed limitation of 2-years-from-discovery-of-violation. Limitations longer than 2 years are found in §§ 27-2-202(1) & -215, MCA. An action founded upon an instrument in writing must be commenced within 8 years. Section 27-2-202(1), MCA. An action for relief not otherwise provided for must be commenced within 5 years after the cause of action accrues. Section 27-2-215, MCA, is Montana's "catch-all" statute of limitation. No federal court has applied a state catch-all limitation period to any claims made under the federal Securities Act. Cahill v. Ernst & Ernst (7th Cir. 1980), 625 F.2d 151, 155.

Application of the longer limitation period comports with the Act's purposes of protecting the investor and encouraging capital investment. We recognize that the other purpose of promoting uniformity among the states is not promoted by our application of the 8-year limitation in Montana. Most state securities acts contain statutes of limitations in the 2 to 4 year range. See e.g., Alaska Stat. § 45-55.220(f) (1980); Colo.Rev.Stat. § 11-51-125(8) (Supp. 1984); Idaho Code § 30-1446(3) (1980); Nev. Rev. Stat. § 90.200(5) (1979); N.M. Stat. Ann. § 58-13-42(A) (Supp.

1983); Okla. Stat. Ann. tit. 71, § 408(a)(2)(e)(Supp. 1985); Utah Code Ann. § 61-1-22(5), (Supp. 1983); Wash. Rev. Code Ann. § 21.20.430(4)(b) (1983); Wyo. Stat. § 17-4-122(e) (1977). The legislature deleted the 2-year limitation from the Montana Act. It is for that same body to harmonize our securities law with the laws of other states, should it chose to do so.

Based upon the pleadings and the facts presented to us by the federal court in this case, we hold that the 8-year limitation period contained in § 27-2-202(1), MCA, applies to civil actions brought pursuant to § 30-10-307, MCA, of the Securities Act of Montana.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice L.C. Gulbrandson, dissenting.

I respectfully dissent.

I agree with the majority that the selection of the appropriate statute of limitations rests on the characterization of the essence of the claim, with an effort to effectuate the declared legislative policies. In my view, the majority has failed to characterize the claims, and instead has found "that each count of plaintiffs' complaint can be interpreted as sounding in tort, contract, or statutory violation," and the majority then proceed to adopt the statute of limitations containing the longest time period.

This Court in Anderson v. Applebury (1977), 567 P.2d 951 at 955 stated:

> [p]laintiffs' amended complaint. . .
> seeks recovery of damages and penalties
> for alleged statutory violations.
> Applicable to such claims is the two year
> period of limitations.

Relying upon that authority, I would hold that United States District Court Judge Battin correctly applied the two year limitation to the securities registration claim.

The histories of the Securities Act of Montana and the Uniform Securities Act suggest that claims brought under those Acts are based on fraud. Relying upon those histories, the declared purposes of the Montana Legislature in enacting the Securities Act, and the allegations of plaintiffs' complaint, I would characterize the remainder of the claims as sounding in tort, and would apply the two year from discovery time period of limitations as expressed in § 27-2-203, MCA, and as interpreted in Mobley v. Hall (Mont. 1983), 657 P.2d 604, 40 St.Rep. 49.

_____
Justice

I concur in the dissent of Mr. Justice Gulbrandson.

_____
Chief Justice