No. 88-50

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

RUSSELL R. WESTON, JR.,

        Plaintiff and Appellant,

  -vs-

DOROTHY COLE,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Daniel J. Shea, Helena, Montana

    For Respondent:

        Smith Law Firm; Chadwick H. Smith, Helena, Montana

_____

Submitted on Briefs:  June 30, 1988

Decided:  July 19, 1988

Filed: JUL 1 9 1988

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff-appellant, Russell E. Weston, Jr. (Weston), appeals a District Court order dismissing his law suit against defendant-respondent, Dorothy Cole (Cole). The order was entered in the Fifth Judicial District, Jefferson County, by the Honorable Frank M. Davis. We affirm.

On October 23, 1986, Weston filed a law suit against Cole alleging she struck him in the head with a cane. Specifically, the complaint alleged:

> [d]efendant without cause or provocation . . . unlawfully assaulted and battered plaintiff by then and there striking plaintiff with her cain [sic] in the head, which blow was struck without warning and while plaintiff was unprepared to fend off said blow. (Emphasis added.)

The complaint alleged the assault occurred "on or about October 30, 1983." Subsequently, Cole filed a motion to dismiss alleging, among other things, that the statute of limitations applicable to Weston's alleged cause of action had expired. The motion was argued October 28, 1987 and the District Court filed an order granting the motion to dismiss December 21, 1987. The District Court found that the applicable statute of limitations for Weston's claim was two years, according to § 27-2-204(3), MCA. Since it was undisputed that Weston filed his complaint nearly three years after the incident, the cause of action was dismissed.

On appeal, Weston raises two issues:

1. Did the District Court implement the correct statute of limitations?

2. Based on general principles of equity, should the statute of limitations have been tolled during the time period that Weston was living outside Montana?

2

APPLICABLE STATUTE OF LIMITATIONS

Section 27-2-204, MCA, states:

> (1) The period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.
>
> (2) The period prescribed for the commencement of an action to recover damages for the death of one caused by the wrongful act or neglect of another is within 3 years.
>
> (3) The period prescribed for the commencement of an action for liable, slander, assault, battery, false imprisonment, or seduction is within 2 years. (Emphasis added.)

Weston asserts the three year period stated in subsection (1) should apply, rather than the two year period specified in subsection (3). He makes this argument by alleging that he intends to prove simply an "unlawful act" instead of an intentional tort. Weston states that Cole was incompetent and could not form the necessary intent for an assault action in any event. Therefore, he concludes that the true intent of his complaint was to simply allege that Cole committed an unlawful act which damaged him.

Weston's complaint however, could not be more clear. It states that Cole unlawfully "assaulted and battered" Weston. The complaint asserts Cole committed an assault and battery, and no additional or alternative claims are presented. In determining which subsection of § 27-2-204, MCA, to apply, the following statutory provision is helpful:

> 1-2-102. Intention of the legislature -- particular and general provisions. In the construction of a statute, the intention of the legislature is to be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so

3

> a particular intent will control a
> general one that is inconsistent with it.

Although a strict reading of § 27-2-204, MCA, may present some conflict between subsections (1) and (3), the intent appears to have been to establish a general three year statute of limitations for tort actions, with a shorter two year period for certain particular tort actions such as assault and battery. We find that the District Court implemented the correct statute of limitations by invoking the two year period set forth in § 27-2-204(3), MCA.

TOLLING OF THE STATUTE OF LIMITATIONS.

As a second argument, Weston asserts that general principles of equity should have tolled the statute of limitations for a twenty month period in which he was absent from this state. Weston cites virtually no authority supporting this argument. His position rests on the allegation that Cole developed a special relationship with the local sheriff by giving him, or selling to him at a drastically low price, a significant amount of mining equipment. As a result, Weston claims the local authorities ignored his criminal complaint and he was subsequently denied monetary relief through the Crime Victims Compensation Fund. Weston states he was unable to work due to the injuries he sustained and that he had no monetary resources. This situation forced him to move to Illinois where he resided with relatives. He was absent from the state for approximately twenty months and claims equitable principles dictate that the statute of limitations should be tolled during that period.

Weston cites no authority directly supporting his position. By analogy he cites § 27-2-402, MCA, which states:

> When defendant is out of state. When the
> cause of action accrues against a person
> who is out of the state and cannot be

4

> served with process, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action accrues he departs from the state and cannot be served with process, the time of his absence is not part of the time limited for the commencement of the action.

Weston asserts that this statute creates a situation where "defendant's absence from the state estops him from relying on the statute of limitations for that period of time in which he was absent from the state." Weston states a reverse situation exists in this case because Cole effectively forced him to leave the state. Weston concludes that "equity and good conscience should not permit defendant Cole to rely on the twenty months that plaintiff Weston was in Illinois recovering from his injuries."

The District Court filed a memorandum accompanying its order of dismissal and correctly noted that there was simply no authority supporting Weston's argument. Weston seems to be making an equitable estoppel argument by asserting the defendant Cole should not be allowed to take advantage of Weston's delay, when she in fact caused that delay. See generally, City of Billings v. Pierce Packing Co. (1945), 117 Mont. 255, 266-267, 161 P.2d 636, 641. However, there is insufficient evidence in the record to demonstrate that Cole affirmatively induced the delay.

For the foregoing reasons, we affirm the decision of the District Court.

_John Conway Harrison_
Justice

5

We concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

_____

_____
Justices