No. 93-136

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

KENNETH and JENNIFER RITLAND,

     Plaintiffs and Appellants,

  v.

ALFRED ROWE and MERLE HEITZMAN,

     Defendants and Respondents.

FILED

OCT 06 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Kevin C. Meek; Alexander, **Baucus &** Linnell,
Great Falls, Montana

     For Respondent:

        John D. Alexander and Neil E. Ugrin; Ugrin,
Alexander, Zadick **&** Slovak, Great Falls,
Montana (Ritland);
Thomas E. **Boland;** Attorney at Law, Great Falls,
Montana (Heitzman)

Submitted on Briefs:  September 2, 1993

Decided:  October 6, 1993

Filed:

_____
/Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiffs Kenneth and Jennifer Ritland commenced this action to recover for damages to their cattle and their ranching operation which they allege were caused by the negligence of defendants Alfred Rowe and Merle Heitzman. The District Court for the Twelfth Judicial District in Chouteau County, granted defendants' motion for summary judgment, on the basis that plaintiffs' claim was barred by the statute of limitations, and dismissed plaintiffs' complaint with prejudice. From that judgment, plaintiffs appeal. We reverse the judgment of the District Court.

The issue is whether the three-year statute of limitations for complaints based on negligence, or the two-year statute of limitations for complaints based on damage to property, applies in this case.

### FACTUAL BACKGROUND

Plaintiffs' complaint was filed on April 10, 1992, in the Twelfth Judicial District Court in Chouteau County. For their complaint, plaintiffs alleged that in June 1989 defendants received permission to graze cattle on plaintiffs' land and intermingle those cattle with cattle belonging to plaintiffs. They allege that at the time defendants delivered their cattle to plaintiffs' property, they knew, or by the exercise of reasonable care should have known, that their cattle were infected with trichomoniasis. Trichomoniasis is a venereal disease which causes cattle to abort.

Plaintiffs allege that as a result of commingling defendants' cattle with plaintiffs' cattle, plaintiffs' cattle became infected with trichomoniasis, and as a result, plaintiffs sustained damage to their cattle and their ranching operation.

In response to plaintiffs* complaint, defendants affirmatively alleged that plaintiffs' claim was barred by the statute of limitations found at § 27-2-207, MCA.

Both defendants moved for summary judgment based on the bar of the statute of limitations. For purposes of the District Court's consideration of that issue, the parties conceded that plaintiffs' cause of action accrued no later than December 8, 1989, but was not filed until April 10, 1992. Since more than two years passed from the date of accrual until the date of filing, defendants argued that plaintiffs' claim was barred.

In response, plaintiffs asserted that the applicable statute of limitations was found at § 27-2-204, MCA, which provides that tort claims, including negligence, must be filed within three years from the date of accrual.

On February 9, 1993, the District Court issued its order and judgment in which it concluded that § 27-2-207, MCA, was a more specific statute of limitations pertaining to injuries to property, and that § 27-2-204, MCA, was a general statute of limitations pertaining to tort claims. Therefore, the District Court concluded that the specific statute applied, and that plaintiffs' claim was barred by the two-year statute of limitations. On that basis, the

3

defendants' motion for summary judgment was granted and judgment was entered for defendants.

## STANDARD OF REVIEW

This Court reviews an order of summary judgment by utilizing the same criteria used by a district court initially under Rule 56, M.R.Civ.P. *Minnie v. City of Roundup* (Mont. 1993), 50 St. Rep. 342, 849 P.2d 212. Pursuant to Rule 56(c), summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.

## DISCDSSION

Does the three-year statute of limitations for complaints based on negligence, or the two-year statute of limitations for complaints based on damage to property, apply in this case?

Section 27-2-204, MCA, provides in relevant part as follows:

> Tort **actions--general and personal injury.** (1) Except as provided in **27-2-216 and 27-2-217,** the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.

Subsection (2) of the above statute provides that actions for wrongful death caused by the wrongful act or neglect of another must also be brought within three years. Subsection (3) provides for a shorter two-year statute of limitations for certain specified torts. Referring to 27-2-204, MCA, we have previously held that:

> [T]he intent appears to have been to establish a general three year statute of limitations for tort actions, with a shorter two year period for certain particular tort actions such as assault and battery.

4

*Weston v. Cole* (1988), 233 Mont. 61, 63, 758 P.2d 289, 291.

Section 27-z-207, MCA, provides as follows:

Injuries involving property. Within 2 years is the period prescribed for the commencement of an action for:

(1) injury to . . . real or personal property . . . .

It is defendants' position, with which the District Court agreed, that § 27-z-204, MCA, is a general statute of limitations pertaining to all. torts, whereas § 27-z-207, MCA, is a specific statute applying to those torts which result in property damage, and that pursuant to § 1-Z-102, MCA, and various authorities cited by defendants, the particular statute controls when in conflict with the general statute.

We have considered the authorities cited by defendants and find, for the most part, that they are not on point. In *Weston*, we held that where the plaintiff's complaint alleged assault and battery, the specific statute of limitations found at § 27-2-204(3), MCA, controlled over the more general provision found at § 27-2-204(1), MCA. However, in that case, we simply recognized that where the legislature saw fit to provide for a distinction between different types of tort actions within the same statute, the clear language of the statute controlled.

In *Knight v. City of Missoula* (1992), 252 Mont. 232, 827 P.2d 1270, we held that when 27 years passed from the date on which plaintiff's claim accrued until the date on which it was filed,

5

plaintiff's claim, based on 42 U.S.C. § 1983 (1871, amended 1979) for unconstitutional taking of her property, was barred by § 27-2-207, MCA. We were not asked to reconcile inconsistent statutes of limitations in *Knight.*

In *Heckaman v. Northern Pacific Railroad Company* (1933), 93 Mont. 3 63, 20 P.2d 258, we decided that the plaintiffs' cause of action for damage to their property accrued when the damage was sustained, and not when the negligent act which caused it was performed. Neither did this case have anything to do with reconciling inconsistent statutes of limitations. Likewise, in *Engine Rebuilders, Inc. v. Seven Seas Import-Export Merc., Inc.* (1980), 189 Mont. 236, 615 P.2d 871, we were asked to decide when the time for filing the plaintiff's complaint began to run, rather than what statute of limitations applied.

In *Trustees, Carbon County School District No. 28 v. Spivey* (1991), 2 47 Mont. 33, 805 P.2d 61, we were asked to reconcile statutes of limitations other than those involved in this case.

Neither is *Rierson v. State* (1981), 191 Mont. 66, 622 P.2d 195, applicable. That claim was based on an allegation of two constitutional violations and a request for invocation of the doctrine of promissory estoppel. We held that whether a two or three-year statute of limitations applied, the claim was barred as untimely.

6

In *Lahman* **v. Rocky** *Mountain* **Phosphate company** (1972) , 161 Mont. 28, 504 P.2d 271, we were asked to decide in a claim based on nuisance whether the statute of limitations pertaining to property damage applied, or whether a general statute which allowed five years for causes of action not otherwise specified, controlled. We held that the property damage statute specifically pertained to the damages claimed in that case, and the longer statute had no specific relevance to either the type of damage claimed or the nature of the claim. We were not asked to reconcile two conflicting statutes which applied directly to the type of claim presented.

The case cited by defendants which is most directly on point is **Quitrneyerv.** *Theroux* (1964), 144 Mont. 302, 395 P.2d 965. In that case, the plaintiffs alleged that the defendants had orally agreed to manage their apartment building, but that while doing so, the defendants negligently allowed the water pipes in the building to freeze and burst. The plaintiffs filed their complaint more than two years, but less than three years, after the damage was sustained. After a trial, a jury awarded the plaintiffs $9000 in damages. On appeal, the defendants asserted that the suit was barred by the statute of limitations. The plaintiffs apparently did not argue that the three-year statute controlled. Instead, they argued that the complaint sounded in contract rather than in tort, and therefore, was governed by the five-year statute of limitations. We held that the gravamen of the case was in tort and

that since the damage claimed was to property, § 93-2607, **R.C.M.** 1947 (the predecessor of § 27-2-207, MCA), applied and barred the plaintiffs' claim for relief. It does not, however, appear that the specific issue raised in this case was argued by the parties in that case, nor squarely addressed by this Court.

Furthermore,. since the *Quitmeyer* decision, we decided *Thiel v. Taurus Drilling Ltd. 1980-II* (1985), 218 Mont. 201, 710 **P.2d** 33. In *Thiel,* we were asked to decide what statute of limitations applies to civil actions for violations of the Securities Act of Montana. By legislative deletion, Montana's Act included no specific period of limitation. The plaintiffs contended that the eight-year statute of limitations found at § **27-2-202(1),** MCA, which pertained to written contracts applied. The defendants contended that the two-year statute of limitations found at § **27-2-211(1),** MCA, which pertained to "liabilities created by statute" applied.

We concluded that the plaintiffs' complaint sounded in contract, tort, and statutory violation. We then held that:

> Where there is a substantial question as to which of two or more statutes of limitations should apply, the general rule is that the doubt should be resolved in favor of the statute containing the longest limitations. *Akada v. Park 12-01 Cop.* (1985), 103 **Wash.2d** 717, 695 **P.2d** 994, 995. Where doubt exists as to the nature of the action, courts lean toward application of the longer period of limitations. *Shew v. Coon Bay Loafers, Inc.* (Wash. 1969), 455 **P.2d** 359, 366, citing *Hughes v. Reed* (10th Cir. 1931), 46 **F.2d** 435, 440.

> "This [general rule] serves the legislative intent of protecting defendants from stale claims, yet provides

> an approach of liberality which affords a plaintiff
> party-litigant maximum free access to our court system.
> Although statutes of limitation[s] are primarily designed
> to assure fairness to defendants because they prevent
> claims from being brought when the relevant evidence is
> so old that it is unreliable, the policy of repose is
> outweighed when the interests of justice require
> otherwise." [Citation omitted.]

*Thiel*, 710 P.2d at 40.

For these reasons, we held that the eight-year statute of limitations applied. ***Thiel***, 710 P.2d at 40.

We conclude that our decision in *Thiel* controls the outcome in this case. This is not a case where a general statute of limitations is in conflict with a more specific statute of limitations. Section 27-2-204(1), MCA, is a specific statute of limitations which is based on the type of obligation which gives rise to plaintiffs' claim. Section 27-2-207, MCA, on the other hand, is a specific statute of limitations based upon the nature of damage incurred by plaintiffs. However, in a situation such as this, where the basis for plaintiffs' claim is defendants' negligence, and the damages alleged are to plaintiffs' property, the statutes are in conflict. We hold that in these circumstances where there is a substantial question regarding which of two statutes of limitations should apply, the District Court should have applied the general rule that any doubt should be resolved in favor of the statute containing the longer limitation. This conclusion best furthers the public policy recognized in *Thiel* which

9

affords "a plaintiff party-litigant maximum free access to our court system." 710 P.2d at 40.

For these reasons, we hold that the statute of limitations applicable to plaintiffs' claim is § 27-2-204(1), MCA, which pertains to claims based on allegations of negligence. The judgment of the District Court is reversed and this case is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10

October 6. 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Kevin C. Meek, Esq.
Alexander, Baucus & Linnell
P.O. Box 2629
Great Falls, MT 59403

John D. Alexander & Neil E. Ugrin
Ugrin, Alexander, Zadick & Slovak, P.C.
P.O. Box 1746
Great Falls, MT 59403

Thomas E. Boland
Attorney at Law
P.O. Box 2949
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
        Deputy