NO.   94-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

LARRY SEMENZA and FAYE FITZGERALD,

       Plaintiffs, Respondents,
       and  Cross-Appellants,

    v.

RONALD BOWMAN and ERIC JOHNSON, d/b/a
L & R SPRAYING SERVICE,

       Defendants and Appellants.

---

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Judith Basin,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

          William O. Bronson, James, Gray & McCafferty,
          Great Falls, Montana

       For Respondents:

          K. Dale Schwanke, Jardine, Stephenson,
          Blewett & Weaver, Great Falls, Montana

FILED

NOV 22 1994

Filed: *El Smith*
    CLERK OF SUPREME COURT
     STATE OF MONTANA

Submitted on Briefs:  October 13, 1994

Decided:  November 22, 1994

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiffs Larry Semenza and Faye Fitzgerald commenced this action in the District Court for the Tenth Judicial District for Judith Basin County to recover compensation for crop damage which they allege was caused when their crops were sprayed by defendants Ronald Bowman and Eric Johnson, d/b/a L & R Spraying Service. After trial before the court without a jury, the court found that L & R's spraying caused plaintiffs' damages, awarded damages based on their expert's calculations, did not allow L & R's expert to testify, and awarded prejudgment interest. L & R Spraying Service appeals from the District Court's decision. Semenza and Fitzgerald cross-appeal. We affirm the judgment of the District Court.

The following issues are raised by L & R on appeal:

1. Did the District Court err when it concluded that Fitzgerald's claim was not barred by the statute of limitations?

2. Did the District Court err when it excluded the opinion testimony of L & R's expert witness?

3. Did the District Court err in its calculation of Semenza's and Fitzgerald's damages?

4. Did the District Court err when it awarded Semenza and Fitzgerald prejudgment interest?

On cross-appeal, Semenza and Fitzgerald raise the following issue:

Did the District Court err in its determination of the date from which prejudgment interest should accrue?

2

## FACTUAL BACKGROUND

Defendants Ronald Bowman and Eric Johnson operated L & R Spraying Service as a partnership, which for simplicity will be referred to as L & R. Semenza owns and farms land near Helmville (Helmville farm) in Powell County, and near Utica (Utica farm) in Judith Basin County. Plaintiff Faye Fitzgerald owns a farm near Stanford (Stanford farm) in Judith Basin County, which Semenza custom farmed. In the spring of 1987, Semenza seeded approximately 260 acres of his Helmville farm, about 180 acres of his Utica farm, and roughly 521 acres of Fitzgerald's Stanford farm, with Klages barley. Semenza asked L & R to spray those crops, and they did. L & R used a mixture of Banvel II and Low Vol 6 (LV6) which was an "off label" mixture not authorized for use on spring barley.

In May 1987, L & R sprayed this mixture on Semenza's and Fitzgerald's barley and spring wheat crops. In July 1987, Fitzgerald noticed that her barley crop was damaged. Semenza discovered similar problems with his barley crop.

On March 29, 1989, Semenza filed the original complaint in this case in which he alleged that L & R was negligent and damaged his crop. This complaint did not name Fitzgerald, but claimed damage to 953 acres, including the crop on Fitzgerald's property. On or about January 15, 1990, an amended complaint was filed adding Fitzgerald as a party but asserting the same cause of action.

A bench trial was conducted from January 25-29, 1993, and the District Court issued its findings and conclusions on November 19, 1993.

To counter plaintiffs' damage calculations, L & R called Dr. Ray Choriki to testify. After numerous objections and voir dire examination, the court did not allow Choriki to express his opinion.

The court found that L & R's spraying caused the crop damage, and that Fitzgerald was damaged in the amount of $47,737.28, based on calculations done by her expert, Neal Fehringer. The basis for that amount was the court's finding that she should have been able to sell all of her barley as malt barley at $3.69/bushel and would have harvested at least 13,194 more bushels. In addition, the court found that Semenza had to rent equipment for $3,000 to screen out "thins" to ensure the maximum amount of Fitzgerald's barley was suited for malt, and added that amount to her damage award.

Fehringer also testified, and the District Court found, that based on crop reduction at both of his locations, Semenza sustained damages in the total amount of $55,073.02. The District Court also found that L & R knew that Semenza's damages were at least the amount set forth above, and awarded Semenza and Fitzgerald prejudgment interest to accrue from September 15, 1989.

Both parties filed post-trial motions pursuant to Rule 59, M.R.Civ.P. Plaintiffs moved the court to award interest from the date of the damage in 1987. L & R moved for a new trial and to

4

alter or amend the judgment. All post-trial motions were denied. Additional facts will be discussed where necessary to address the issues on appeal.

<u>ISSUE 1</u>

Did the District Court err when it concluded that Fitzgerald's claim was not barred by the statute of limitations?

The District Court denied L & R's motion for summary judgment based on the statute of limitations, and also denied its post-trial motion, which was made on the same basis. Our standard of review of a district court's summary judgment ruling is *denovo. Spain-Morrow Ranch, Inc. v. West* (1994), 264 Mont. 441, 444, 872 P.2d 330, 331 (citing *Minnie% City of Roundup* (1993), 257 Mont. 429, 431, 849 P.2d 212, 214). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P., *Spain-Morrow*, 872 P.2d at 331-32.

L & R claims that the District Court erred when it concluded that Fitzgerald's claim was not barred by § 27-2-207(1), MCA, which provides a two-year statute of limitations for injury to property since she was not added as a party until more than two years after her crops were damaged. L & R contends that Rule 15(c), M.R.Civ.P., does not contain specific language allowing a new plaintiff to be added after the statute of limitations has expired. The relevant portion of Rule 15(c) states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

We previously discussed similar contentions in *Priest v. Taylor* (1987), 227 Mont. 370, 740 P.2d 648, and *Tynes v. Bankers Life Co.* (1986), 224 Mont. 350, 730 P.2d 1115. Relying on the rationale of these cases, Fitzgerald argues that if the two-year statute of limitation applies, her claim should relate back to the date of Semenza's original complaint. We agree.

In *Priest*, we concluded that a when party amends a complaint to add a new plaintiff and a new cause of action, the claim in the amended complaint will relate back if certain conditions are satisfied. *Priest*, 740 P.2d at 653. In *Priest*, we cited *Tynes* which allowed claims to relate back if the defendant would not be prejudiced. We emphasized that the later claim may relate back if the two parties are nearly identical and the later claim arises from the same conduct, transaction, or occurrence set forth in the original pleading as required by Rule 15(c), M.R.Civ.P. *Priest*, 740 P.2d at 654 (citing *Tynes*, 730 P.2d at 1120-21). We recognized that amendments involving new plaintiffs relate back in the following limited circumstances: (1) where there is a close identity of interest between the original plaintiff and the present plaintiff: and (2) where the new claim is based on the same allegations as the original claim. *Priest*, 740 P.2d at 655.

6

The damage in this case occurred in approximately July 1987. Semenza filed his complaint on March 30, 1989, in which he sought recovery for the damage to Fitzgerald's acreage. On January 15, 1990, an amended complaint was filed adding Fitzgerald as a plaintiff. Fitzgerald's claim arose out of the same transaction or occurrence, i.e., that L & R's spraying caused damage to her crops. The parties have a close identity of interest because Semenza custom farms Fitzgerald's property and he requested L & R to spray Fitzgerald's crop. Fitzgerald's claim is based on the same allegations of negligence as Semenza's original claim. Accordingly, we conclude that the amendment adding Fitzgerald related back to the original complaint and was not barred by the statute of limitations.

In addition, without regard to the relation-back doctrine, Fitzgerald's claim was timely pursuant to our decision in *Ritland v. Rowe* (1993), 260 Mont. 453, 861 P.2d 175. In *Ritland,* the issue was whether the three-year tort statute of limitations for negligence, or the two-year property damage statute of limitations, applies to cases involving damages to property caused by negligent conduct. We held that where two statutes apply, the district court should apply the statute with the longer period of limitation. *Ritland,* 861 P.2d at 178. We hold that the District Court did not err when it held that Fitzgerald's claim relates back and that her claim was not barred by the two-year statute of limitations.

7

## ISSUE 2

Did the District Court err when it excluded the opinion testimony of L & R's expert witness?

We have previously recognized that the trial court "is vested with *great* latitude in ruling on the admissibility of expert testimony." *Cottrell v. Burlington Northern Railroad Co.* (1993), 261 Mont. 296, 301, 863 P.2d 381, 384 (citing *Cash v. Otis Elevator Co.* (1984), 210 Mont. 319, 332, 684 P.2d 1041, 1048). In *Cottrell*, we discussed the foundation necessary to establish an expert's qualifications and stated that:

> We set forth the standard that the determination of the qualification and competency of expert witnesses rests largely within the trial judge, and without a showing of an abuse of discretion, such determination will not be disturbed.

*Cottrell,* 863 P.2d at 384 (quoting *Foreman V. Minnie* (1984), 211 Mont. 441, 445, 689 P.2d 1210, 1212).

L & R argues that the District Court erred by disallowing the testimony of Ray Choriki and compounded this error by refusing to grant a new trial. L & R acknowledges that the District Court has broad discretion regarding the qualifications of an expert, but states that the degree of qualification goes only to the weight of the expert's testimony.

Pursuant to *Cottrell,* when we review whether the District Court properly exercised its discretion by excluding Ray Choriki's testimony, we must begin with Rule 702, M.R.Evid., which sets forth

a

the criteria for admissibility of an expert's opinion. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

In *Cottrell, we* acknowledged that implicit in that rule is a requirement that before a district court allows an expert witness to express an opinion, a foundation must be laid to show that the expert has special training or education, and adequate knowledge on which to base his or her opinion. *Cottrell, 863* P.2d at 384.

In this case, Semenza and Fitzgerald do not question Choriki's qualifications as a soil scientist. Rather, Semenza and Fitzgerald argue Choriki's scientific studies, on which he based his opinion, were performed in the 1960s under different conditions, involved different chemicals, and were not sufficiently connected to the crop damage that occurred in 1987 to establish a foundation.

The question in this case was whether the mixture of Banvel II with LV6 affected plaintiffs' barley crops. The District Court heard testimony over a two-day period to determine whether Choriki's prior studies were relevant to that issue. Choriki acknowledged that he lacked experience with claims involving this specific mixture. Additionally, Choriki never examined the samples of plaintiffs' barley until trial. The District Court determined that Choriki was not qualified to render an expert opinion in this

case. The court specifically found that Choriki's testimony did not assist the trier of fact to understand the evidence, as required by Rule 702, M.R.Evid.

In *Cottrell,* we decided that the district court did not abuse its discretion because the expert lacked sufficient factual information to form a foundation for his opinion. *Cottrell, 863* P.2d at 385. We noted that "[s]peculative testimony is inadmissible as evidence." *Cottrell,* 863 P.2d at 385 (quoting *Williams* v. *Wallace* (1963), 143 Mont. 11, 13, 386 P.2d 744, 745).

L & R failed to establish a necessary connection between tests done in the 1960s on a variety of crops involving different chemical mixtures, and the present case. Choriki did not work with the chemical mixture applied to the damaged barley crops. Nor did Choriki examine the crop samples until trial. We hold that the District Court properly exercised its discretion when it excluded Choriki's proffered opinion.

<u>ISSUE 3</u>

Did the District Court err in its calculation of Semenza's and Fitzgerald's damages?

A district court's damage determination is a factual finding which must be upheld if it is supported by substantial evidence; we will not overturn a district court unless its determination was clearly erroneous. *Columbia Grain Int'l v. Cereck* (1993), 258 Mont. 414, 417, 852 P.2d 676, 678. L & R contends that the District Court

10

erred as a matter of law by accepting plaintiffs' expert's damage calculations. They argue that the District Court compounded this error by not amending its judgment to reduce the amount of money awarded for crop losses. We note that L & R only challenges the damage measure on Semenza's Utica farm, and Fitzgerald's loss on the Stanford farm.

Montana law provides that the measure of damages in a crop loss claim is the net value of the crops lost; in other words, the amount the crops are sold for, less the expenses incurred to harvest and market them. *AgtiLease,Inc.v.Gray* (1977), 173 Mont. 151, 158-59, 566 P.2d 1114, 1118.

At issue in this case is whether the value of crops lost should be measured by the price at which the crops were sold, or the market price on the date that they were harvested. The former value was $3.69 per bushel, the latter was $2.40.

L & R claims that based on decisions from other jurisdictions, we should hold that the $2.40 value at the time of harvest must be used to calculate damages. *See Decatur County Ag-Services, Inc. v. Young* (Ind. 1981), 426 N.E.2d 644; *Cutler Cranbeny Co., Inc. v. Oakdale Electric Co-op.* (Wis. 1977), 254 N.W.2d 234.

However, § 27-1-317, MCA, provides that damages shall compensate for all the detriment proximately caused, whether or not it could have been anticipated. In addition, § 27-1-302, MCA, requires that damages be reasonable. We have previously stated

that compensatory damages to property are designed to return the damaged party to the same, or nearly the same, position enjoyed before the property is damaged. *See Spackman* **v. Ralph** *M.* **Parsons Co.** **(1966),** 147 Mont. 500, 506, 414 **P.2d** 918, 921. *See also* **Billings Clinic v.** *Peat Marwick Main & Co.* **(1990),** 244 Mont. 324, 345, 797 **P.2d** 899, 913 (stating compensatory damages should put the damaged party in the position he or she would have attained absent the tortious conduct).

In this case, testimony indicated that it was a common practice to delay selling crops for weeks or months to enable farmers to achieve a higher price for their crop. Testimony also indicated that pursuant to another common farming practice, Semenza and Fitzgerald, at the time of harvest, took out United States Government loans for the value of the crop, and then sought to sell the crop at a later date because of the glut in the barley market on the date of harvest. Semenza and Fitzgerald follow this practice whether or not their crop is damaged. Because this is their common practice, and was not done to enhance their damages, they are entitled to recognize the amount they would ordinarily recognize on the date of sale. This ensures Semenza and Fitzgerald are put in the position they would have attained and are compensated for all detriment that was proximately caused by L & R's negligent acts.

12

We conclude, based on the evidence presented to the District Court, and Montana's statutory law of damages, that the District Court's finding regarding plaintiffs' damages was supported by substantial evidence, it was not clearly erroneous, and it was not contrary to the laws of this State.

## ISSUE 4

Did the District Court err when it awarded Semenza and Fitzgerald prejudgment interest?

A district court's award of prejudgment interest is a question of law, and therefore, we examine whether the district court was correct in its application of the law. *Dew v. Dower* (1993), 258 Mont. 114, 125, 852 P.2d 549, 556. L & R challenges the District Court's Conclusion No. 6 which awarded Semenza and Fitzgerald prejudgment interest at ten percent per annum from August 16, 1989, the date of a letter from plaintiffs' counsel to L & R's insurance company, which conveyed the amount of Semenza's initial damage calculation. On January 7, 1994, the District Court amended its order to provide that interest would accrue from September 15, 1989, instead of August 16, a date 30 days after the written notice as required by § 27-1-210, MCA.

L & R asserts that the District Court erred because its prejudgment interest award was not based on an amount that plaintiffs were able to establish as a sum certain at a specific date before trial. L & R cites cases interpreting § 27-1-211, MCA, for this proposition. *See McPherson v. Schlemmer* (1988), 230 Mont. 81,

13

749 P.2d 51; *Castillo v. Franks* (1984), 213 Mont. 232, 690 P.2d 425. However, the District Court's interest award was based on §§ 27-1-210 and -212, MCA.

Section 27-1-212, MCA, provides that "[i]n an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." *In Dew*, 852 P.2d at 556-57, we concluded that this section also applies in cases where the judge is the fact finder. There we upheld a district court's award of prejudgment interest under § 27-1-212, MCA, noting that that section does not have a certainty requirement. *Dew*, 852 P.2d at 556. Section 27-1-212, MCA, is derived from a California statute, and in *Dew we* followed the California Supreme Court's conclusion that their analogous section did not require liquidated damages. *Dew, 852* P.2d at 556. Accordingly, we held in *Dew* that if § 27-1-212, MCA, applies, the judge has discretion to award prejudgment interest whether or not a plaintiff can reduce his or her claim to a sum certain prior to judgment. There is no showing by L & R that the District Court abused its discretion by its award of prejudgment interest under the facts in this case. Therefore, we conclude that the District Court did not err by its award of prejudgment interest pursuant to § 27-1-212, MCA.

14

## CROSS-APPEAL

Did the District Court err in its determination of the date from which prejudgment interest should accrue?

Our discussion in the previous section is equally applicable to this issue. Pursuant to § 27-1-212, MCA, prejudgment interest is dependent on the discretion of the District Court. We will not conclude that the District Court properly exercised its discretion when it awarded prejudgment interest, and then conclude that it abused its discretion when it selected the time period from which that interest would run. We conclude that there was a rational basis for the date chosen by the District Court as the date from which interest would accrue, and that it did not err when it chose that date.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

15