No. 03-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 54

STEPHANIE LEE  and DAVID HOSS,

        Plaintiffs and Respondents,

   v.

USAA CASUALTY INSURANCE CO.,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade, Cause No. CDV 2002-952
                    The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Richard J. Briski, Attorney at Law, Helena, Montana

        For Respondents:

        Alexander Blewett, III, Hoyt & Blewett, Great Falls, Montana

Submitted on Briefs:  September 18, 2003

Decided:  March 9, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     USAA Casualty Insurance Company (USAA) appeals the judgment entered by the Eighth Judicial District Court, Cascade County, granting Stephanie Lee (Lee) and David Hoss's (Hoss) motion for summary judgment.

¶2     We address the following issues on appeal and affirm.

¶3     1.     Did the District Court err in finding that USAA had a duty to defend and a duty to indemnify Hoss?

¶4     2.     Did the District Court err in finding that neither the doctrine of *res judicata* nor the doctrine of collateral estoppel was applicable on the facts presented?

¶5     3.     Did the District Court err in finding that no genuine issue of material fact existed concerning USAA's motion for summary judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Lee individually owned a vehicle, which she insured through State Farm Insurance. As a replacement vehicle, Lee and Hoss purchased a 1988 Acura, which they co-owned. After purchasing this vehicle, Hoss suggested to Lee that if she dropped her State Farm insurance, he would make certain to list her as a named-insured on his USAA insurance policy for underinsured motorist (UIM) coverage in the amount of $100,000 per vehicle. Lee and Hoss, at that point, co-owned two vehicles. In reliance of his suggestion, Lee dropped her State Farm insurance.

¶7     After dropping her State Farm insurance, Lee sustained serious injuries as a passenger in a taxicab that was hit by a negligent driver. She and the negligent driver settled for the

2

full $10,000 policy limit, which "undisputedly served only to scratch the surface of compensating Lee for her injuries."

¶8     After her accident, Lee brought a claim against USAA, stating that she was entitled to UIM benefits of $200,000 plus interest. This Court, in *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, 304 Mont. 356, 22 P.3d 631, held that the District Court did not err in finding that since Lee had never been a named-insured on the USAA policy, Lee lost her claim against USAA for UIM benefits.

¶9     In September 2002, Lee then filed a claim against Hoss in the Eighth Judicial District Court, Cascade County--*Lee v. Hoss*, Cause No. CDV-02-837--stating that Hoss breached the verbal contract he had with Lee, and that Lee had been damaged by detrimentally relying on the fact that Hoss would add her to his USAA policy as a named-insured. Hoss tendered defense to USAA, which USAA denied, stating that it had no duty to defend and no duty to indemnify Hoss. Hoss then confessed judgment in the amount of $284,005.

¶10    In October 2002, Lee and Hoss then brought the present claim against USAA for indemnification, based on the following policy language regarding liability coverage.

> We [USAA] will pay damages for BI [(bodily injury)] . . . for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.
>
> In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for these coverages has been paid or tendered. We have no duty to defend any suit or settle any claim for BI . . . not covered under this policy.

¶11    Also listed in the policy are ten exclusions to which USAA's liability coverage does

3

not apply.  Specifically, these exclusions state that USAA will not provide liability coverage

for any person:

1. Who intentionally acts or directs to cause, or with reasonable expectation of causing, BI or . . . .

2. For damage to property owned or being transported by that person.

3. For damage to property rented to, used by, or in the care of any covered person.  This does not apply to damage to a residence or private garage.

4. For BI to an employee of that person which occurs during the course of employment.  This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee.  This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the auto business.  This exclusion does not apply to the ownership, maintenance, or use of your covered auto by you, any family member, or any partner, agent, or employee of you or any family member.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the auto business, farming, or ranching.  This exclusion does not apply to the maintenance or use of a private passenger auto; a pickup or van you own; or a trailer used with these vehicles.

8. Using a vehicle without a reasonable belief that person is entitled to do so.

9. For BI . . . PD for which that person is an insured under any nuclear energy liability policy.  This exclusion applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For BI . . . occurring while your covered auto is rented or leased to others.

¶12 The District Court found that USAA had both a duty to defend and a duty to indemnify Hoss, and that by not doing so, USAA breached its duties. Specifically, the District Court found that "[t]he USAA liability insurance policy insuring David Hoss provides for ten separate exclusions, but contains no exclusion for liability arising out of a contract, which is an exclusion often included in these types of liability insurance policies."

¶13 The District Court ordered USAA to pay $100,000 plus interest and costs to Lee and $184,005 plus interest and costs to Hoss. In addition, the District Court concluded that USAA's defense of *res judicata* and/or collateral estoppel was invalid.

¶14 USAA now appeals the judgment of the District Court.

## STANDARD OF REVIEW

¶15 We review a District Court's grant or denial of summary judgment *de novo*. *Cole ex rel. Cole Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8. We also review any legal conclusions concerning the grant or denial of summary judgment for correctness. *Gonzales v. Walchuk*, 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9.

DISCUSSION

**¶16   1.   Did the District Court err in finding that USAA had a duty to defend and a duty to indemnify Hoss?**

¶17   USAA argues that it does not have a duty to defend or a duty to indemnify Hoss because Hoss's underinsured motorist policy provided coverage for bodily injury or property damage arising from an automobile accident, not from a breach of contract. In addition, USAA argues that because Hoss's policy did not cover his breach of contract, USAA did not need to provide an exclusion to preclude coverage.

¶18   Lee and Hoss first argue that USAA's duty to defend is "triggered" by the facts alleged in the complaint, and that an insurer's duty to defend under an insurance policy is greater and totally independent of the insurer's duty to indemnify. In addition, Lee and Hoss contend that USAA agreed, under the policy, to indemnify Hoss for bodily injury damages for which he became "legally responsible"--language that is "very broad," and incorporates Lee's situation here.

¶19   Our case law clearly provides that where the insurer refuses to defend a claim and does so unjustifiably, that insurer becomes liable for defense costs and judgments. *Independent Milk & Cream Co. v. Aetna Life Ins. Co.* (1923), 68 Mont. 152, 216 P. 1109 (insurer wrongfully refused to defend insured where insured proved he was not employee of Independent Milk and Cream Company and insured's injuries were covered under the insurer's policy); *Grindheim v. Safeco Ins. Co. of America* (Mont. 1995), 908 F. Supp. 794 (insurer wrongfully refused to defend insured where insured's factual assertions did not

trigger the policy exclusions listed).

¶20     USAA's policy regarding liability coverage had ten explicit exclusions, including: (1) damage to property or person by intentional acts; (2) damage to owned or transported property; (3) damage to rented property; (4) bodily injury to employee during course of employment; (5) damage to property or person via paid transportation; (6) damage to property or person while employed by or engaged in automobile business; (7) maintenance of vehicle while engaged in any business; (8) impermissible use of vehicle; (9) bodily injury or physical damage for which person is insured under nuclear energy liability policy; and (10) bodily injury or physical damage while vehicle is rented or leased to others.

¶21     Nowhere in the above list does the USAA policy exclude liability coverage from the situation presented here--i.e., where a person is injured as a result of an automobile accident and another person becomes liable by a breach of contract.  Therefore, like the insurers in *Independent Milk & Cream Co.* and *Grindheim*, USAA had a duty to defend and unjustifiably denied coverage based on the policy language.

¶22     Therefore, we hold that the District Court did not err in finding the same and in ordering USAA to pay Lee $100,000--the liability insurance limits protecting Hoss--plus interest and costs, and in ordering USAA to pay Hoss $184,005--the difference between the judgment Hoss paid to Lee and the $100,000 policy limit owed to Lee--plus interest and costs.

7

¶23 **2.** **Did the District Court err in finding that neither the doctrine of *res judicata* nor the doctrine of collateral estoppel was applicable on the facts presented?**

¶24 USAA argues that under the three-part test this Court articulated in *Haines Pipeline Const. v. Montana Power* (1994), 265 Mont. 282, 876 P.2d 632, Lee's claims are barred by the doctrine of collateral estoppel.

¶25 Lee and Hoss argue that neither the doctrine of *res judicata* nor collateral estoppel apply, since this Court's decision in *Lee v. USAA Cas. Ins. Co.* was not connected to the present litigation "other than to prove, conclusively, that Hoss, indeed, violated his proven and undisputed promise to Lee to provide her with UIM coverage which this Court found he failed to do so." In addition, Lee and Hoss contend that neither doctrine applies since there was never a "judgment on the merits that Hoss was not a covered person, that Hoss was not entitled to a defense under his liability policy, or that Hoss was not entitled to coverage under his liability policy, as compared to this Court's decision that Lee was not entitled to collect on the UIM policy." We agree.

¶26 The doctrine of *res judicata* "prevents a party from relitigating a matter that the party has already had an opportunity to litigate." *Federated Mut. Ins. Co. v. Anderson*, 1999 MT 288, ¶ 58, 297 Mont. 33, ¶ 58, 991 P.2d 915, ¶ 58. Whereas, the doctrine of collateral estoppel, which is a form of *res judicata*, "bars the reopening of an issue in a second cause of action that has been litigated and determined in a prior suit." *Rausch v. Hogan*, 2001 MT 123, ¶ 15, 305 Mont. 382, ¶ 15, 28 P.3d 460, ¶ 15. In determining whether collateral estoppel bars relitigation of an issue, we apply a three-part test, including: (1) whether the

8

issue decided in the prior adjudication was identical to the one presented in the instant action; (2) whether there was final judgment on the merits; and (3) whether the party against whom the plea is asserted was a party or was in privity with a party to the prior adjudication. *Haines Pipeline Const.*, 265 Mont. at 288, 876 P.2d at 636.

¶27     Lee and Hoss have not litigated whether USAA had a duty to defend and a duty to indemnify Hoss, as that issue did not arise until after USAA refused to defend Hoss and Hoss confessed judgment. Therefore, the District Court did not err in refusing to apply the doctrine of *res judicata* to the facts presented. In addition, the issue of whether USAA had a duty to defend and a duty to indemnify Hoss is different from the issue presented in *Lee v. USAA Cas. Ins. Co.*, as that issue concerned whether Lee was a named insured under Hoss's policy with USAA, thereby entitling her to UIM benefits. Consequently, because the issue presented here has not yet been litigated, it naturally follows that there has not been a final judgment on the merits. Thus, we hold that the District Court did not err in also refusing to apply the doctrine of collateral estoppel on these facts.

¶28     **3.      Did the District Court err in finding that no genuine issue of material fact existed concerning USAA's motion for summary judgment?**

¶29     Regarding this issue, USAA states that: "[t]he District Court also erred in granting summary judgment in favor of Stephanie Lee and David Hoss in denying USAA's motion for summary judgment when there was no genuine issue of material fact that, based upon the allegations in the complaint at issue, USAA owed Hoss any duty to defend or indemnify."

¶30     Lee and Hoss argue that because USAA failed to argue that a genuine issue of

9

material fact existed both in its appellate brief, aside from the above-quoted conclusory statement, and at the District Court level, it cannot now, for the first time on appeal, claim error. We agree.

¶31 We have repeatedly held that we will not consider issues raised for the time on appeal, as a district court cannot be faulted for something which it never had opportunity to decide. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 31, 318 Mont. 94, ¶ 31, 78 P.3d 1219, ¶ 31. Therefore, we decline to address USAA's summary judgment argument here.

## CONCLUSION

¶32 The District Court's Order granting Lee $100,000 plus interest and costs from November 7, 2002, is affirmed. The District Court's Order granting Hoss $184,005 plus interest and costs from November 7, 2002, is also affirmed. In addition, we affirm the District Court's conclusion not to apply the doctrines of *res judicata* or collateral estoppel to USAA's claims.

¶33 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER

/S/ JOHN WARNER

/S/ PATRICIA O. COTTER

10

Justice Patricia O. Cotter concurs.

¶34    I concur in the result reached by this Court. I offer the following additional grounds for that result.

¶35    USAA argues that, because its insurance policy did not extend coverage for breach of contract claims, there was no need for it to list an exclusion in the policy to that effect. USAA also relies upon our decision in *Daly Ditches Irr. v. National Sur. Corp.*, 234 Mont. 537, 764 P.2d 1276 (1988) for the premise that the policy terms "bodily injury" and "property damage" are unambiguous, and clearly exclude what it terms the "breach of contract" claim presented here. I would conclude that *Daly Ditches* supports the result reached by the Court in this case, rather than the result urged by USAA.

¶36    In *Daly Ditches*, Daly's former employee sued Daly for breach of the covenant of good faith and fair dealing and for wrongful discharge from employment. Daly tendered the suit to Surety. When Surety refused to defend, Daly filed suit. Surety's policy provided coverage for "bodily injury or property damage . . . caused by an occurrence . . . ." *Daly Ditches*, 234 Mont. at 538, 764 P.2d at 1277. The policy went on to define "occurrence" as "an accident . . . which results in bodily injury or property damage . . . ." *Daly Ditches*, 234 Mont. at 538, 764 P.2d at 1277. The District Court entered judgment in favor of the insurer, concluding that the claims stated by Daly's employees did not arise out of an "occurrence." *Daly Ditches*, 234 Mont. at 539, 764 P.2d at 1277.

12

¶37 On appeal, we concluded that where the terms of an insurance contract are not ambiguous, we will enforce the terms of the policy as written. We affirmed the District Court's conclusion that the claims of wrongful discharge and breach of the covenant of good faith and fair dealing clearly fell outside the policy's definition of "an occurrence." *Daly Ditches*, 234 Mont. at 539, 764 P.2d at 1277.

¶38 Here, by contrast, the USAA policy provides:

> We will pay damages for bodily injury . . . for which any covered person becomes legally responsible because of an auto accident.

Unlike in *Daly Ditches*, the USAA policy obligating the insurer to pay damages for bodily injury is not tied to the existence of "an occurrence," defined as "an accident." Rather, the policy provides it will pay damages for bodily injury for which a covered person becomes "legally responsible because of an auto accident." Moreover, the policy does not define or limit the circumstances which can result in that legal responsibility.

¶39 I agree with USAA's argument that, where an insurance policy clearly does not extend coverage for certain claims, there is no need for the insurer to also provide an exclusion to that effect. In this case, though, the insuring language in the USAA policy is ambiguous. The phrase that imposes an obligation to pay for bodily injury damages for which an insured "becomes legally responsible because of an auto accident" can be reasonably construed as USAA would have it, or as Lee and Hoss would have it. This being so, we must interpret the ambiguity in favor of the insured, and resolve doubts as to coverage against the insurer. *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 26, 315 Mont. 281, ¶ 26, 68 P.3d 703, ¶ 26

13

(citation omitted). When we follow this well-established rule of interpretation of insurance contracts, the result reached by the Court is the correct one. I would affirm on this basis.

/S/ PATRICIA O. COTTER

Justice Jim Rice dissenting.

¶40 I respectfully dissent. I believe the Court has failed to accurately interpret the policy at issue.

¶41 The sum of the Court's analysis is that because the claimed coverage was not *excluded* under one of the policy's ten exclusions, coverage is necessarily provided by the policy, and, therefore, USAA had a duty to defend. *See* ¶ 21. Of course, the absence of an applicable exclusion of coverage does not, without more, mandate the converse conclusion–that coverage is provided. Such a conclusion is dependent upon the language of the coverage provisions of the policy.

¶42 The critical language here–"We will pay damages for BI or PD for which any covered person becomes legally responsible because of an auto accident"–is commonly used within auto insurance policies and has been frequently interpreted by courts. The language has been found to be "clear and unambiguous," not requiring "resort to rules of interpretation or construction," by the Supreme Court of New Mexico, *Baker v. Armstrong* (N.M. 1987), 744 P.2d 170, 171, and amenable to interpretation by using the "plain, ordinary, and generally prevailing meaning" of the words used. *Eason v. Financial Indem. Co.* (La.App. 1998), 721 So.2d 528, 530.

15

¶43    The language in question requires, in order to invoke coverage, that the insured's

liability causally arise from an automobile accident, as noted by the Nebraska Court of

Appeals:

> We observe that the policy provides coverage only when "any covered person
> becomes legally responsible because of an auto accident" . . . .
>
> . . . .
>
>         . . .We conclude that when an automobile liability policy provides
> coverage for liability because of an "automobile accident," coverage extends
> only to injuries *caused by an accident involving the insured automobile*.

*Bisgard v. Johnson* (Neb.App. 1994), 525 N.W.2d 225, 230-31 (emphasis added).

¶44    Further, the court in *Baker*, when concluding that, in the absence of a specific

exclusion, this policy language required payment of punitive damages awarded in an

automobile accident claim, explained that:

>         Our application of the clear language of the policy promotes the
> reasonable expectations of the average insured who contemplates protection
> against claims of any character *for which he becomes liable in the operation
> of an automobile*.

*Baker*, 744 P.2d at 171 (emphasis added).

¶45    Thus, the language at issue here provides coverage for those bodily injury or property

damages which causally arise from an automobile accident involving the insured's vehicle,

or the insured's driving.

¶46    However, the damages claimed here did not causally arise from an accident involving

Hoss's vehicle or his driving.  A judgment was entered against the insured, and damages

were awarded, because Hoss, according to the complaint, "negligently breached his

16

agreement with Stephanie Lee and negligently failed to obtain insurance provid[ing] for her, as agreed." The complaint further asserts that:

> Because of David Hoss' negligent breach of contract and because of the above-mentioned automobile accident, David Hoss was legally responsible to Stephanie Lee for bodily injury because of an automobile accident . . . .

Although the complaint carefully alleges that Lee was damaged "because of an automobile accident," it is clear that the automobile accident itself, though surely causing injuries to Lee, was *not* the cause of Hoss's liability. Hoss became legally responsible for damages only because of a separate and independent liability event–his breach of a contract. Lee's automobile accident alone, without Hoss's separate breach of contract, created no liability for Hoss. Thus, the automobile policy's requirement that Hoss "becomes legally responsible because of an auto accident" was not satisfied.

¶47    An underlying breach of contract claim made pursuant to the same automobile policy language was analyzed in *Avelon, Inc. v. Nationwide Mutual Insurance Co.*, 2003 Tex. App. LEXIS 247 (memorandum opinion). In *Avelon*, the insured rented a vehicle from Avelon and failed to return it. Avelon sued the insured for breach of contract and obtained a default judgment. Avelon then brought suit against the insurer, Nationwide, to collect on the judgment. Avelon argued that the auto theft should be considered an "auto accident," but the court concluded that there was no need to address that issue, because, under the same policy language at issue here, there was no coverage for a breach of contract claim:

> We have reviewed the language Avelon argues provides coverage, and we find no language providing coverage for damages resulting from an insured's breach of contract. Avelon first directed us to language in Part A of the policy, the part applying to liability coverage. In Part A, the policy states Nationwide

17

will pay damages "for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." Avelon argues an act of theft could be considered an "auto accident." However . . . in our review of the policy *we find no coverage for a breach of contract action* under Part A.

*Avelon*, 2003 Tex. App. LEXIS 247 at \*4 (emphasis added). I would concur with this interpretation.

¶48     The policy at issue here is an automobile policy for which premiums were based upon, according to the policy, rating factors such as operator's age, operator's driving record, operator's driving experience, the type of vehicle insured, and the vehicle usage. The insurer did not set or collect a premium based upon an insured's propensity to breach his personal contracts, and thus, was not paid to insure such risks. Consequently, and for the reasons set forth above, I would conclude that the policy did not cover this claim.

/S/ JIM RICE