No. 03-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 147

ROBERTA DEMAREST,

   Plaintiff and Appellant,

 v.

PAULA BROADHURST, n/k/a PAULA HULL,
and her former husband, CRAIG BROADHURST,

   Defendants and Respondents.

APPEAL FROM:  District Court of the Ninth Judicial District,
       In and for the County of Toole, Cause No. DV 2000-029
       The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Gale R. Gustafson, Gustafson & Rohrer, Conrad, Montana

   For Respondents:

     Shari M. Gianarelli, Gianarelli Law Office, Conrad, Montana (Paula Hull)

     Richard L. Beatty, Attorney at Law, Shelby, Montana (Craig Broadhurst)

       Submitted on Briefs: December 23, 2003

          Decided: June 8, 2004

Filed:

         _____
               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The Appellant, Roberta Demarest (Roberta), filed a Complaint in the Ninth Judicial District Court, Toole County, alleging that the Respondents, Paula Broadhurst (Paula) and Craig Broadhurst (Craig), breached an oral or implied bailment agreement. The District Court granted the Respondents' motion for summary judgment concluding that, pursuant to § 27-2-202(3), MCA, the applicable period of limitation had expired and Roberta's claim was barred. Roberta now appeals. We affirm.

¶2     The material facts in this matter are undisputed. Roberta was the owner of twenty horses and some tack. Ten of the horses and the tack are in dispute in the instant case.

¶3     On or about January 25, 1996, Roberta executed Bills of Sale to Craig and Paula for the ten horses. On February 14, 1996, Craig and Paula transferred the horses into their own names with the Bills of Sale and appropriate brand inspection certificates for change of ownership. Thereafter, in March 1996, Paula advised Roberta in writing that she claimed ownership of the horses and tack in question and they would not be returned.

¶4     Following receipt of Paula's letter, Roberta made inquiries as to the ownership of the ten horses in March and April of 1996. In June of 1996, Roberta advised the American Quarter Horse Association that the horses were illegally taken from her by transfer of ownership with forged documents. In the period from March through June of 1996, Roberta attempted to reacquire title to the horses. Paula, however, refused to return the horses despite Roberta's demands. The record also reveals that in February of 1997 Roberta demanded return of the horses, but the demand was refused.

¶5     Roberta filed her Complaint in the Ninth Judicial District Court for Toole County on

2

September 20, 2000, alleging that the defendants breached an oral, voluntary bailment agreement. She did not seek return of the property, but prayed for money damages in the amount of its value.

¶6 Roberta's Complaint stated in part:

> Plaintiff has brought this action within the five years prescribed for an action for breach of a contract or promise not founded on an instrument in writing pursuant to Subsection (2) of Section 27-2-202, MCA.

Subsequent to discovery, Craig and Paula filed a motion for summary judgment, arguing that the appropriate statute of limitations was § 27-2-202(3), MCA, which prescribes the period for the commencement of an action upon an obligation or liability not founded upon an instrument in writing to be three years.

¶7 On May 14, 2003, the District Court entered its order granting summary judgment in favor of the defendants, finding that the appropriate statute of limitations with respect to Roberta's claim was § 27-2-202(3), MCA. Based upon the record the District Court concluded that Roberta's claim against the defendants was known to her no later than March 2, 1996. The Court concluded that, "pursuant to Section 27-2-202(3), MCA, Plaintiff had until March 2, 1999 to file her Complaint against Defendants. The filing of the Complaint on September 20, 2000 is therefore not timely and this Court is without jurisdiction to consider the claim of Plaintiff."

¶8 Notice of entry of judgment based on the Court's Order was given by Craig and Paula and this appeal followed.

¶9 The standard of review for summary judgment is *de novo*. This Court will apply the same evaluation as the district court based upon Rule 56, M.R.Civ.P. Appellant here

challenges the District Court's conclusions of law. This Court's standard of review of a question of law is whether the legal conclusions of the trial court are correct. *Vitullo v. International Broth. of Elec. Workers, Local 206*, 2003 MT 219, ¶ 9, 317 Mont. 142, ¶ 9, 75 P.3d 1250, ¶ 9.

¶10    Roberta bases her appeal on the District Court's determination that the three year statute of limitation in § 27-2-202(3) applies, rather than the five year period in § 27-2-202(2), and thus her action is barred.

¶11    Roberta correctly notes that, in Montana, under certain circumstances, when several grounds of liability exist an injured party has the right to elect which form of action to pursue. *See Thiel v. Taurus Drilling Ltd.* (1985), 218 Mont. 201, 209, 710 P.2d 33, 38 (citing *Garden City Floral Co. v. Hunt* (1953), 126 Mont. 537, 543-44, 255 P.2d 352, 356). She contends that she chose an action for breach of an oral or implied bailment agreement having a limiting statute of five years and that the District Court, without sufficient reason and therefore contrary to Rule 52(a), M.R.Civ.P., dismissed the appellant's action based upon the three year limitation found in § 27-2-202(3), MCA, the limiting statute applying to obligations or liabilities, other than a contract, account, or promise, not founded upon an instrument in writing.

¶12    Additionally, relying on this Court's decisions in *Kearney v. KXLF Communications, Inc.* (1994), 263 Mont. 407, 869 P.2d 772, *Ritland v. Rowe* (1993), 260 Mont. 453, 861 P.2d 175, and *Thiel*, Roberta argues that, given this Court's public policy favoring access to our courts and resolution of claims on their merits, the District Court erred in choosing the shorter of the two statutes.

4

¶13    In *Kearney*, the plaintiff's overtime compensation claim had a basis in an oral contract for employment as well as in Montana's Minimum Wage and Maximum Hour Act, thus creating both statutory liability and liability for breach of contract, and two separate statutes with different periods of limitation applied to the plaintiff's claim. *Kearney*, 263 Mont. at 413, 869 P.2d at 775. This Court held, consistent with its decisions in *Thiel* and *Ritland*, that because more than one limiting statute applied, such conflict was correctly resolved in favor of applying the longer statute of limitations. *Kearney*, 263 Mont. at 413, 869 P.2d at 775; *Ritland*, 260 Mont. at 458-59, 861 P.2d at 178 (holding that where a substantial question exists regarding which limiting statute should apply, a district court should, in accordance with public policy, resolve any doubt in favor of the statute containing the longer limitation). *Also see Thiel*, 218 Mont. at 212, 710 P.2d at 40:

> Where there is a substantial question as to which of two or more statutes of limitations should apply, the general rule is that the doubt should be resolved in favor of the statute containing the longest limitations. *Akada v. Park 12-01 Corp.* (1985), 103 Wash.2d 717, 695 P.2d 994, 995. Where doubt exists as to the nature of the action, courts lean toward application of the longer period of limitation.

¶14    As held in *Kearney*, *Ritland* and *Thiel*, when faced with different limiting statutes, or where doubt exists as to the nature of the action, doubt should be resolved in favor of the longer limiting statute. However, a plaintiff cannot, simply by virtue of mislabeling a cause of action, create a conflict between two or more statutes of limitations or insert doubt as to the gravamen of the plaintiff's action. *See Erickson v. Croft* (1988), 233 Mont. 146, 153, 760 P.2d 706, 711 ("The gravamen of a claim, not the label attached, controls the limitations period to be applied to that claim"); *Paine v. British-Butte Mining Co.* (1910), 41 Mont. 28,

108 P. 12 (The pleader is not at liberty to leave his pleading open to different constructions and then take his choice between them).

¶15     In the present case it is undisputed that Roberta executed Bills of Sale to Craig and Paula for the ten horses that are the subjects of the present action, and that Craig and Paula transferred the horses into their own names using the Bills of Sale. It is further undisputed that, in March 1996, Paula, in a written letter to Roberta, made it clear that she and Craig claimed ownership of the horses and tack, and had no intention of returning either of them.

¶16     In her opening brief Roberta does not contest the District Court's determination that her claim arose in March of 1996, when she was advised that her property was not going to be returned. She relies on her argument that the period of limitations is five years. In her reply brief in opposition to Craig and Paula's motion for summary judgment filed in the District Court, and in her reply brief in this Court, she claims that the action arose in February of 1997 when she demanded the return of the horses. However, it is unnecessary to examine the District Court's rejection of this argument because even if such were held to be the case her claim was still not filed within three years. Finally, Roberta claims for the first time in her reply brief in this Court that her claim "could" have arisen in May of 1999, or July of 2000, when she made subsequent demands for return of the property in question. These latter possibilities will not be considered by this Court as they were not presented to the District Court. *Lee v. USAA Cas. Ins. Co.*, 2004 MT 54, ¶ 31, 320 Mont. 174, ¶ 31, 86 P.3d 562, ¶ 31.

¶17     The applicable statute of limitations, § 27-2-202, MCA, which has been in effect since 1903, provides:

Actions based on contract or other obligation

(1) The period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years.

(2) The period prescribed for the commencement of an action upon a contract, account, or promise not founded on an instrument in writing is within 5 years.

(3) The period prescribed for the commencement of an action upon an obligation or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years.

¶18 It is Roberta's claim that because Craig and Paula took possession of such property under a contract for voluntary bailment as described in § 70-6-101, MCA, they breached a contract. She claims because she brought an action for a breach of contract the District Court was required to apply the longer, five-year, period of limitations in subsection (2) of § 27-2-202, MCA. As noted above, Roberta also claims that if there is any doubt as to which period of limitations applies, the longer period must be applied to her claims. Thus, she claims, her action filed in September of 2000 was timely.

¶19 To the contrary, Craig and Paula argue that the shorter three-year period of limitations for breach of an obligation provided for in subsection (3) of § 27-2-202, MCA, is mandated, and thus the District Court's holding is correct.

¶20 The pertinent statutes defining contracts and obligations were enacted in 1895 and have remained unchanged. They provide:

28-2-101. Contract defined. A contract is an agreement to do or not to do a certain thing.

28-2-102. Essential elements of a contract
It is essential to the existence of a contract that there be:
(1) identifiable parties capable of contracting;
(2) their consent;
(3) a lawful object; and

7

(4) a sufficient cause or consideration.

27-1-105.  Obligation defined.  An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from:
(1) contract; or
(2) operation of law.

¶21    Roberta elected not to bring an action *ex delicto* in trover.  She sued *ex contractu* to recover damages for breach of a contract implied in law to pay for property she claimed was wrongfully kept by Craig and Paula.  Roberta waived the tort and sued in *assumpsit.*  There was no expressed agreement alleged or shown in the record whereby Craig and Paula were to pay Roberta for this property, or that they would keep the property at all.  Roberta did not sue for return of the property – she instead sued for its value.  The law implies that one who keeps the property of another has the duty, which is the same as an obligation, to pay for it.  The suit therefore, is one upon an obligation as defined in § 27-1-105, MCA, and not upon a contract as defined in §§ 28-2-101, 102, MCA. The statutory and common law basis for this interpretation was carefully and aptly explained by Justice Holloway in *Schaeffer v. Miller* (1910), 41 Mont. 417, 420-25, 109 P. 970, 971-73.  The holding in *Schaeffer* was followed in *Stagg v. Stagg* (1931), 90 Mont. 180, 186, 300 P. 539, 542, and remains the rule to this day.  Roberta's election to sue on a contract theory did not operate to give her two years' additional time to assert her rights.  *Schaeffer*, 41 Mont. at 425, 109 P. at 73.

¶22    We further conclude that the District Court sufficiently specified the grounds of its decision so as to apprize the parties and this Court of the rationale underlying its decision as required under Rule 52(a), M.R.Civ.P.  We note that Rule 52(a) does not require that a district court enter specific findings of fact or conclusions of law when deciding motions

under Rule 56, M.R.Civ.P., as this Court reviews such decision *de novo*.

¶23    The District Court did not err in holding that the three-year period of limitation in § 27-2-202(3), MCA, applies in this case and Roberta's action is barred.

¶24    Roberta also appeals the District Court's denial of her motion for summary judgment arguing that as ownership of the horses in question was not properly transferred as required by the rules promulgated by the American Quarter Horse Association and Montana statutes, the District Court was required to enter summary judgment in her favor that Craig and Paula were liable to pay the value of the horses.  As we conclude that the District Court was correct in its application of the three-year period of limitation and that Roberta's claims are barred, we need not address this argument.

¶25    The decision of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER